# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## <u>LETTER OPINION</u>

October 4, 2007

Jeannette Brown
74 Renshaw Avenue
East Orange, NJ 07017
    (*Plaintiff Pro Se*)

John B. McCusker
McCusker, Anselmi, Rose, Carvelli & Walsh
127 Main Street
Chatham, NJ 07928
    (*Attorney for Defendant*)

      RE: **Jeannette Brown v. Novartis Pharmaceuticals,**
           **<u>Civ. No. 07-365 (WJM)</u>**

Dear Litigants:

This matter comes before the Court on Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons expressed herein, Defendant's motion is **GRANTED**.

## <u>Background and Procedural History</u>

Novartis hired *pro se* Plaintiff Jeanette Brown as an Administrative Assistant on July 15, 2001. (Pl.'s Brief Descr. Facts, Appended to Compl. ("Pl.'s

Descr. Facts") at 1.)  In early January 2004, Plaintiff left her position on short-term disability leave.  (*Id.*)  On January 12, 2004, Plaintiff underwent surgery for the removal of tumors on both feet.  (*Id.*)  Plaintiff alleges that she originally planned to return to work on May 30, 2004, but was advised not to do so by her doctor. (*Id.* at 2.)  Plaintiff subsequently received a letter from Novartis's Human Resources Department stating that if she did not return to work by July 6, 2004, her position with the company would be terminated.  (*Id.*)  Plaintiff alleges that she could not return to work by that time, and was terminated from her employment with Novartis effective July 6, 2004.[1]  (*Id.* at 3; Compl. ¶¶ 5, 9.)

On September 25, 2006, Plaintiff filed a charge of discrimination with the EEOC.  On October 24, 2006, the EEOC sent Plaintiff a letter (1) dismissing her charge for failure to timely file with the EEOC, and (2) notifying Plaintiff of her right to file suit within 90 days of the date of the letter.  A copy of the EEOC's letter is appended to the Complaint.

On January 23, 2007, Plaintiff filed the instant Complaint in this Court, alleging that she was wrongfully terminated from her employment at Novartis. (Compl. ¶ 9.)  Plaintiff also alleges that Novartis changed her job description without notice while she was out on disability leave, and that Novartis failed to inform her that her termination date was ultimately changed from July 6, 2004 to August 31, 2004.[2]  (*Id.* ¶¶ 9-10; Pl.'s Descr. Facts at 1-3.)  Novartis argues that Plaintiff's Complaint is clearly time-barred, and moves for dismissal on that basis.

---

[1]      Plaintiff's papers are unclear, though not in any material respect, as to some of the relevant dates in this matter.  Plaintiff's Complaint alleges that the relevant discriminatory acts occurred on March 15, 2002 and July 7, 2004, but alleges no facts in connection with the March 15, 2002 date.  The July 7, 2004 date appears to refer to Plaintiff's date of termination, but everywhere else in Plaintiff's papers her effective date of termination is given as July 6, 2004 (Compl. ¶ 9, Pl.'s Descr. Facts at 2-3) or simply July 2004 (Pl.'s Descr. Facts at 3).

[2]      The significance of the August 31, 2004 date is unclear from Plaintiff's papers.

## 12(b)(6) Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist.  *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding such a motion, a court must take all allegations in the complaint as true, and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although ordinarily treated as an affirmative defense, the statute of limitations may be raised on a motion to dismiss where the allegations made on the face of the complaint show that the cause of action is time-barred.  *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006).

## Discussion

## I.      Timeliness of Plaintiff's EEOC Charge

In order for Plaintiff to maintain a suit for employment discrimination under Title VII, she must establish that she has exhausted her administrative remedies.  *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).  In this case, the required administrative remedy was the timely filing of a charge of discrimination with the EEOC.  *See Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000).  Novartis argues that because Plaintiff failed to timely file her charge with the EEOC, this Court must dismiss her Complaint as time-barred.

Plaintiff filed her EEOC charge on September 25, 2006.  In New Jersey, a verified charge must be filed with the EEOC within 300 days of the alleged unlawful employment practice.  *See* 42 U.S.C. § 2000e-5(e)(1); *Ruehl v. Viacom, Inc.*, No. 06-1463, 2007 U.S. App. LEXIS 21468, at **14-15 (3d Cir. Sept. 7, 2007); *Cardenas v. Massey*, 269 F.3d 251, 255 n.2 (3d Cir. 2001).

"[A]n adverse employment action occurs, and the statute of limitations therefore begins to run, at the time the employee receives notice of that action and termination is a delayed but inevitable result." *Watson*, 235 F.3d at 852-53.  Here, Plaintiff's claim clearly centers on her termination from Novartis on July 6, 2004. (Compl. ¶¶ 5, 9-10.)  According to the Complaint, Plaintiff learned of her impending termination sometime between May 2004 and July 6, 2004.  (Pl.'s Descr. Facts at 1-2.)[3]

The Court need not engage in a lengthy analysis as to the precise date that Plaintiff's cause of action accrued, however, because Plaintiff's EEOC charge was untimely filed under even the most generous of calculations.  The most recent conduct <u>of any kind</u> alleged in the Complaint is Plaintiff's notification, on September 14, 2004, that her health insurance benefits had been canceled.  (*Id.* at 3.)  Even if this Court were to decide that Plaintiff's cause of action accrued on September 14, 2004, her September 25, 2006 EEOC charge was still filed more than fourteen months too late.

Accordingly, construing the allegations in the Complaint liberally, and viewing them in the light most favorable to Plaintiff, the Court nonetheless concludes that it is clear on the face of the Complaint that Plaintiff cannot establish that she exhausted her administrative remedies prior to filing the Complaint in this matter.

## II.    Equitable Tolling

The time limitations set forth in Title VII, however, are not jurisdictional. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Rather, these time limitations are analogous to a statute of limitations and are, therefore, subject to equitable modifications, such as tolling.  *Id.*

Under appropriate circumstances, equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed.  *Id.*  In an employment discrimination case, "the equitable tolling doctrine may excuse the plaintiff's non-compliance with the statutory limitations provision

---

[3]    In her opposition brief, Plaintiff claims she learned of her impending termination on May 6, 2004.  (Pl.'s Br. Opp. Mt. Dismiss ("Pl.'s Br.") 2.)

at issue when it appears that (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge, and (2) this deception caused the plaintiff's non-compliance with the limitations provision." *Id.*; *see also Ruehl*, 2007 U.S. App. LEXIS 21468, at *19. Additionally, "equitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." *In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004) (internal quotation marks omitted).

In response to Novartis's arguments regarding the timeliness of her claim, Plaintiff argues only that she "was given permission by the US District Court to file the claim" and "was also instructed that [she] was within the time limit for filing this claim." (Pl.'s Br. 1.) First, to the extent that Plaintiff alleges that the Court misinformed her as to the timeliness of her claim, Plaintiff alleges a misrepresentation of law, not of fact. *Ruehl*, 2007 U.S. App. LEXIS 21468, at *20. More significantly, however, Plaintiff alleges no deception or misrepresentation <u>by Novartis</u> regarding the circumstances of her discharge that could have caused her non-compliance with the limitations provision. *See id.*

Accordingly, because Plaintiff has failed to demonstrate an entitlement to equitable tolling, Plaintiff's claim is, in fact, time-barred.

## III.   Multiple Filings with the EEOC

Attached to Novartis's motion to dismiss, but not explicitly referenced in the Complaint, is another charge of discrimination which Plaintiff filed with the EEOC on or around January 24, 2005. This charge also arises out of Plaintiff's July 6, 2004 termination from Novartis, and is substantially identical to the EEOC charge Plaintiff filed on September 25, 2006. (Def.'s Br. Supp. Mt. Dismiss ("Def.'s Br.") Ex. A.) Also attached to Novartis's motion is an April 19, 2005 letter from the EEOC dismissing the January 24, 2005 charge, noting that the EEOC was unable to conclude that a violation had occurred, and notifying Plaintiff of her right to file suit within 90 days of her receipt of the letter. (Def.'s Br. Ex. C.)

As an independent ground for dismissal, Novartis argues that Plaintiff failed to file the instant Complaint within 90 days of the first right-to-sue letter. Because

5

the Court has already concluded that Plaintiff's claim is subject to dismissal for failure to exhaust her administrative remedies, as discussed above, we do not address this argument or decide whether our consideration of the documents Novartis attaches would be appropriate at the motion to dismiss stage.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** in its entirety.  An appropriate Order accompanies this Letter Opinion.


　　s/William J. Martini　　　　
**William J. Martini, U.S.D.J.**